IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GORDON VINCENT CLARK,    *
(AIS: # 281734)          *
                         *
    Petitioner,          *
                         *
vs.                      *    CIVIL ACTION NO.12-00361-KD-B
                         *
GARY HETZEL,             *
                         *
    Respondent.          *

## Report and Recommendation

Gordon Vincent Clark, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004). Upon careful consideration, it is recommended that this action be dismissed without prejudice to allow Clark the opportunity to exhaust his state remedies.

### I. BACKGROUND FACTS

Petitioner filed the instant petition attacking his 2011 conviction for first-degree sexual assault and his resulting

1

five-year sentence imposed by the Circuit Court of Mobile County, Alabama. (Doc. 1). Clark gave notice of his appeal at sentencing on December 15, 2011. (Doc. 7-1 at 18-19). His appeal was considered submitted by brief to the Alabama Court of Criminal Appeals on April 27, 2012, where it remains pending. (Doc. 7 at 3). While Clark contends that the Court of Appeals affirmed his conviction and sentence in April of 2012 (doc. 1 at 3), Respondent presents evidence that Clark's appellate brief was not electronically filed with the Court of Appeals until March 8, 2012 (doc. 7-4 at 1), that Respondent's brief was not electronically filed until April 26, 2012 (doc. 7-5 at 1), and that the parties are still awaiting ruling on Clark's appeal.

In Clark's appellate brief before the Alabama Court of Criminal Appeals he argues four claims of error: 1) trial court submission of the verdict form containing a clerical error violated his Fourteenth Amendment right to due process to be tried for the indicted offense, 2) correction of the jury verdict was improper because it was a substantial change in the form, not a clerical error, 3) sexual assault is not a lesser included offense of sexual abuse and it does not exist as an offense; thus, the trial court lacked jurisdiction to enter judgment, and 4) the trial court's failure to submit a correct jury verdict form was reversible error. (Doc. 7-4 at 6).

Clark filed the instant petition for habeas corpus relief

on May 25, 2012.[1] (Doc. 1 at 13). In his petition, Clark alleges that: 1) his constitutional rights are being violated because of false imprisonment for a non-existent charge; 2) he was deprived on his constitutional right to be tried and convicted of the indicted offense; and 3) the trial court's handling of the jury verdict form violated his rights. (Id., at 7-8). Due to the pendency of Clark's current appeal, this case is due to be dismissed.

**II. ANALYSIS**

Article III, § 2 of the United States Constitution requires Section 2254(b)(1) provides that a prisoner in state custody shall not be granted a writ of habeas corpus unless the prisoner "has exhausted the remedies available in the courts of the State." A habeas claim is not exhausted so long as a petitioner "has a right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). More precisely, "[b]ecause the exhaustion doctrine is

---

[1] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); see (Doc. 1 at 13).

3

designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id., 526 U.S. at 845; see also Kelley, 377 F.3d at 1344 ("The petitioner must present his claims to the state courts such that they are permitted the 'opportunity to apply controlling legal principles to the facts bearing upon (his) constitutional claim.'"); cf. Preiser v. Rodriguez, 411 U.S. 475, 477, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) ("If ... habeas corpus is the exclusive federal remedy..., then a [petitioner] cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").

A habeas claim is deemed exhausted when "it is fair to assume that further state proceedings would be useless." Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989). This standard is met when the precise issues raised in a habeas corpus petition have been "fairly presented" to the state's highest court. Id. (citing Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971)). The exhaustion requirement is not met "where the claim has been

presented for the first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor[.]'" Id. (citation omitted). If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. See Anderson v. Harless, 459 U.S. 4, 6 & 7-8, 103 S. Ct. 276, 277 & 278, 74 L. Ed. 2d 3 (1982). In fact, if state supreme court review is part of a state's ordinary appellate review process, each claim raised in Petitioner's request for habeas relief must be exhausted to the state's highest court, Kelley, 377 F.3d at 1345, and the burden rests with the petitioner to show that all claims have been fairly presented to that court. See Rose v. Lundy, 455 U.S. 509, 520, 102 S. Ct. 1198, 1204, 71 L. Ed. 2d 379 (1982) ("[O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."); Reedman v. Thomas, 305 Fed. App'x 544, 545 (11th Cir. 2008) ("[T]he petitioner must present fairly every issued raised in his federal petition to the state's highest court, either on direct appeal or on collateral review.").

In addition, the exhaustion requirement is excused if "there is either an absence of available State corrective process[] or ... circumstances exist that render such process

5

ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(I) & (ii). A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. See Allen v. State of Alabama, 728 F.2d 1384, 1387 (11th Cir. 1984). Exhaustion has also been excused where the state has unreasonably delayed in acting on the petitioner's efforts to invoke state remedies or fails to address the petition without explanation. See, e.g., Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."), cert. denied, 503 U.S. 938, 112 S. Ct. 1478, 117 L. Ed.2d 621 (1992); Cook v. Fla. Parole & Probation Comm'n, 749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. See, e.g., Clarke v. Grimes, 374 F.2d 550, 551 (5th Cir. 1967) ("[T]he federal trial court has broad discretion to hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

In this case, Clark has not demonstrated that he has exhausted his state remedies or that it would be futile to require him to exhaust those remedies. Because Clark's direct appeal remains pending in the Alabama Court of Criminal Appeals, state law remedies remain available to him within which to challenge his conviction and sentence.[2] Accordingly, the undersigned recommends that Clark's habeas petition be dismissed without prejudice, so that he may fully exhaust his remedies in the Alabama state courts.

**CONCLUSION**

The undersigned recommends that this action be DISMISSED without prejudice because Clark has failed to exhaust his available state remedies.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4.

---

[2] In Alabama, the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to the Alabama Court of Criminal Appeals, and an application for discretionary review by the Alabama Supreme Court. See Ala. R. App. P. 4, 39, 40.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **2nd** day of **April, 2014.**

                                                                  /s/ SONJA F. BIVINS
                                          **UNITED STATES MAGISTRATE JUDGE**