# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GORDON VINCENT CLARK,<br>    Petitioner, | )<br>)<br>) |
| v. | )   CIVIL ACTION NO. 12-00361-KD-B |
| GARY HETZEL,<br>    Respondent. | )<br>)<br>)<br>) |

## ORDER

On April 25, 2014, the Court issued an Order (Doc. 11) giving Petitioner Gordon Vincent Clark ("Clark") "an opportunity to **SHOW CAUSE** why his Petition [under 28 U.S.C. § 2254 for a writ of habeas corpus (Doc. 1)] should not be dismissed without prejudice for failure to exhaust his state court remedies." (Doc. 11 at 5). Clark's response was to be filed by May 19, 2014. (Id. at 5-6). In addition, Clark was advised that "[f]ailure to respond…shall be construed as an abandonment by Clark of the prosecution of this action." (Id. at 6). To date, Clark has filed no response to the Court's previous Order.[1]

Accordingly, it is **ORDERED** that this action is **DISMISSED without prejudice**, on the following grounds:

1. because Clark has failed to exhaust his state court remedies, for the reasons stated in the Court's previous Order dated April 25, 2014 (Doc. 11); and, alternatively,

2. pursuant to Federal Rule of Civil Procedure 41(b),[2] because Clark (a) has

---

[1] While this action was pending, Clark was released from incarceration in state prison but failed to inform the Court of his release or his new address. The Court directed that a copy of its previous Order (Doc. 11), along with a copy of the pending Report and Recommendation (Doc. 8), be mailed to Clark at his current address as provided by the Respondent in his Objection to the Report and Recommendation (Doc. 9 at 7). The Clerk of Court duly mailed these documents to Clark (see Doc. 11, docket entry), and they have not been returned to the Court as undeliverable.

[2] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits." Fed. R. Civ.

abandoned the prosecution of this action by failing to timely respond to the Court's Order dated April 25, 2014 (Doc. 11), and (b) has failed to comply with the Court's Order dated June 20, 2012 (see Doc. 4 at 4 ("[I]f Petitioner moves to a different institution or is released, he must notify the court immediately of his new address or this action will be dismissed.")), by failing to notify the Court of his release and his new address.[3]

The Court further finds and **ORDERS** that Clark is not entitled to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

Final judgment in accordance with this Order and Federal Rule of Civil Procedure 58 shall issue by separate document. The Clerk of Court is **DIRECTED** to mail a copy of this Order and the judgment to Clark at his current address of record.

**DONE** and **ORDERED** this the **27th** day of **May 2014**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

P. 41(b).

[3] See Brutus v. Internal Revenue Serv., 393 F. App'x 682, 683-84 (11th Cir. 2010) ("[W]e have held that the district court may *sua sponte* dismiss a case under Rule 41(b). Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005). *Sua sponte* dismissal is appropriate 'to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court.' Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation omitted).").